IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY M. COSTON,

    Petitioner,                    No. 2:11-cv-0755 JAM EFB P

vs.

M. D. McDONNELL,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

                              /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the October 5, 2011 amended petition. Dckt. No. 9. Respondent moves to dismiss on the grounds that the petition is untimely and it fails to state a federal claim for relief. For the reasons explained below, the undersigned recommends respondent's motion be granted.

**I.    Procedural History**

       Petitioner is currently serving a sentence of 27 years to life for first degree murder. Resp.'s Mot. to Dism. ("Resp.'s MTD"), Ex. 1. On July 24, 2008, he was found guilty of a disciplinary rule violation for distribution of a controlled medication. Am. Pet., Ex. B. The following day, his violation was reduced to unauthorized possession of controlled medication, and he received 140-day forfeiture of good-time credits. *Id*.

1

Petitioner filed an administrative appeal, which was denied at the director's level on January 23, 2009.  Resp.'s MTD, Ex. 3.  He then filed four state collateral challenges.  On August 30, 2009, petitioner filed his first state habeas petition in the Sacramento County Superior Court, which was denied on March 15, 2010.  *Id.*, Exs. 4-5.  Petitioner's second state habeas petition was filed in the Sacramento County Superior Court on August 27, 2010.  *Id.*, Ex. 6.  That petition was denied on October 7, 2010.  *Id.*, Ex. 7.  On November 10, 2010, petitioner filed a third state habeas petition in the California Court of Appeal, Third Appellate District, which was denied on December 2, 2010.  *Id.*, Exs. 8-9.  On December 12, 2010, he filed a petition for review in the California Supreme Court.  *Id.*, Ex. 10.  That petition was denied on January 26, 2011.  *Id.*, Ex. 11.

Petitioner filed his federal petition in this court on March 16, 2011.[1]  The original petition sought to challenge two separate prison disciplinary decisions, one dated May 6, 2008, designated Log No. Sac-08-1442, and the other dated July 24, 2008, designated Log No. A/S-08-03-007.  Dckt. No. 1. This court dismissed the original petition with leave to amend and informed petitioner that he may not seek relief from multiple judgments in a single federal petition.  Dckt. No. 8, *see* Rule (2)(e), Rules Governing § 2254 Cases.  Petitioner subsequently filed a first amended petition, which only challenges the July 24, 2008 decision.  Dckt. No. 9 at 4.

////
////
////
////

---

[1] The court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

2

## II. Statute of Limitations

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. section 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Where a petitioner challenges the result of a prison disciplinary decision, the statute of limitations begins running from the date on which the factual predicate of the claims could have been discovered through due diligence, i.e the day after a petitioner's administrative appeal is denied. *Shelby v. Barlett*, 391 F. 3d 1061, 1065-66 (9th Cir. 2004).

When a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). An unjustified delay of six months, or 180 days, is presumptively unreasonable. *Evans v. Chavis*, 546 U.S. 189, 201 (2006); *Waldrip v. Hall*, 548 F.3d 729, 731 (9th Cir. 2008). Petitioner has the burden of showing facts entitling him to statutory tolling.

3

*Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

**III.    Analysis**

    **A.    Start Date of the Limitations Period**

In this case, the statute of limitations began to run when the factual predicate of petitioner's claim could have been discovered through the exercise of due diligence. *See Shelby*, 391 F. 3d at 1065-66. Generally, when a petitioner is challenging a prison disciplinary decision, the factual predicate of a claim is discovered on the date the administrative appeal is denied. *Id.*; *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012). Although his administrative appeal was denied on January 23, 2009, petitioner contends that he did not learn the factual predicate of his claim until August 27, 2009.

Petitioner explains that he exhausted two separate administrative appeals. Pet'r's Opp'n to Resp.'s MTD ("Pet'r's Opp'n") at 6. He contends that although his administrative appeal challenging the May 6, 2008 disciplinary decision, designated Log No. Sac-08-1442, was denied at the director's level on April 2, 2009, he did not receive notice of the denial until August 27, 2009, and therefore did not learn the factual predicate of his claims until that date. *Id.* In support of his argument, petitioner submits his mail log from High Desert State Prison, which purportedly shows that petitioner did not receive the April 2, 2009 denial until August 27, 2009. *Id.*, Ex. D (indicating that petitioner received mail from the "CHIEF I/M APPEALS" on August 27, 2009).

The instant petition, however, only challenges the July 24, 2009 disciplinary decision. It is therefore irrelevant when petitioner learned that his administrative appeal regarding the May 6, 2008 disciplinary decision had been denied. The administrative appeal relating to the July 24, 2008 disciplinary decision, designated No. A/S-08-03-007, was denied on January 23, 2009. Resp.'s MTD, Ex. 3. Petitioner does not contend that he did not receive timely notice of the director's level denial of his administrative appeal regarding the July 24, 2009 disciplinary decision, nor does he submit evidence to the contrary. Therefore, the limitations period

4

commenced running on January 24, 2009, the day after his administrative appeal was denied. *See Shelby*, 391 F.3d at 1066 ("[Petitioner] does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day."). Accordingly, petitioner had until January 23, 2010 to file the instant petition. Absent tolling, his application in this court is more than one year late.

**B.     Statutory Tolling**

Petitioner filed his first state petition in the Sacramento County Superior Court on August 30, 2009. Resp.'s MTD, Ex. 4. That petition was denied on March 15, 2010. *Id*., Ex. 5. There is no dispute that petitioner is entitled to statutory tolling during the time the first state habeas petition was pending. Thus, the first state petition provides 198 days of tolling, extending the federal filing date to August 9, 2010.

Petitioner's second state habeas petition was filed in the Sacramento County Superior Court on August 23, 2010. *Id*., Ex. 6. Respondent contends that the second petition does not toll the statute of limitations because it was not filed at the appellate level and therefore was not part of petitioner's first round of state petitions. *Id*. at 5-6. Respondent further argues that the second petition does not provide tolling because it was untimely filed. *Id*. at 6. Petitioner contends that the second petition was timely and part of his first and only round of habeas petitions because he was required to file the second petition in the Superior Court to cure a procedural defect contained in his first state habeas petition. Pet'r's Opp'n at 7-9.

This court need not address the parties' arguments because the Superior Court held that the second habeas petition was successive. Under 28 U.S.C. § 2244(d)(2), a petition is not considered properly filed where it is untimely or successive. *See Pace*, 544 U.S. at 417 (holding that an untimely petition is not properly filed under 28 U.S.C. 2244(d)(2)); *In re Clark*, 5 Cal. 4th 750, 770 (1993) ("A successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition."); *Porter v.*

*Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition."); *Chance v. Martell*, No. 11-0562 GEB KJN P, 2012 WL 1229148 at *4-5 (E.D. Cal. April 10, 2012) (finding that a successive petition was not properly filed and therefore did not afford statutory tolling).

In denying the second state petition, the California Superior Court held that "[t]he petition is both successive and repetitious, and is summarily denied pursuant to *Clark*." Resp.'s MTD, Ex. 7. Since the second petition was not properly filed, it does not provide a basis for tolling the statute of limitations.

Petitioner's third state petition was filed in the California Court of Appeal on November 10, 2010, 231 days after the denial of petitioner's last properly-filed habeas petition. Respondent contends that the third state petition was untimely, and therefore not properly filed, because petitioner's delay in filing his third state habeas petition was not reasonable. *Id*. at 5. As mentioned above, an unjustified delay of 180 days is presumptively unreasonable and deprives a petitioner of statutory tolling. *Evans v. Chavis*, 546 U.S. 189, 201 (2006); *Waldrip v. Hall*, 548 F.3d 729, 731 (9th Cir. 2008). Since there was a 231-day delay in filing his petition in the California Court of Appeal, petitioner is entitled to statutory tolling only if he can adequately explain and justify the significant delay. *King v. Lamarque*, 455 F.3d 1040, 1043 (9th Cir. 2006) (California courts require habeas petitioners to "explain and justify any significant delay in seeking habeas relief.").

Petitioner argues that the delay was reasonable because he was required to first file a second habeas petition in the California Superior Court in order to cure "a state law procedural problem." Pet'r's Opp'n at 7-8. According to petitioner, one of his claims in his first state petition was denied because it was "less than clear," and he was required to submit a new petition in the Superior Court containing a "fuller presentation of the previously rejected issue and demonstrated [*sic*] to the court that the facts had changed." *Id*. at 8. Petitioner's argument is not supported by the text of the Superior Court's denial of his first habeas petition. In rejecting

6

the claims in his first state habeas petition, the Superior Court did not find that his claims were "less than clear" or contained insufficient factual allegations. Furthermore, in denying his second habeas petition, the California Superior Court held that the petition was successive because the issues in the second petition had "already been raised and rejected in a prior writ filed" in that court. Resp.'s MTD, Ex. 7.

Contrary to petitioner's contention, he was not required to file a second petition in the California Supreme Court. His decision to file a successive petition in that court prior to pursuing remedies in the California Court of Appeal does not sufficiently justify his 231-day delay in filing his third state petition. The petition filed in the California Court of Appeal was not timely filed and therefore does not afford petitioner any tolling.

Petitioner's remaining petition was filed after August 9, 2010, the date the federal limitations period expired, and therefore that petition does not provide a basis for tolling the limitations period. Resp.'s MTD, Ex10; *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Although the limitation period ended August, 9, 2010, petitioner did not file his federal petition until March 21, 2011. Thus, the instant petition is untimely.[2]

## IV.   Conclusion

Because petitioner failed to file his federal petition within the time period provided by 28 U.S.C. § 2244(d), it is hereby RECOMMENDED that:

1. Respondent's February 14, 2012 motion to dismiss be granted; and
2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[2] As the petition must be dismissed as untimely, the undersigned declines to address respondent's remaining argument.

7

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE